IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XIAOAN XU,<br><br>                Plaintiff,<br><br>   v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>                Defendants. | Case No. 23-cv-15894<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey Cole |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AS TO CERTAIN DEFENDANTS**

Plaintiff Xiaoan Xu ("Plaintiff") submits the following memorandum in support of his Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 as to the defaulting defendants identified in the accompanying Plaintiff's Motion for Entry of Default and Default Judgment ("Defaulting Defendants") based on Plaintiff's action for infringement of U.S. Design Patent Nos. D965,848, D969,391, and D977,177.

**MEMORANDUM OF LAW**

I.  **INTRODUCTION**

Plaintiff is requesting default and default judgment based on an action for patent infringement against the Defaulting Defendants. As shown in Exhibit 4 to Plaintiff's Complaint [6], [6-1], [6-2], [6-3], [6-4], [6-5] and [6-6], Defaulting Defendants are offering for sale and selling unauthorized and unlicensed products (the "Infringing Products") that infringe Plaintiff's U.S. Design Patent Nos. D965,848, D969,391, and D977,177 (the "Patents") [3]-[5], through various fully interactive, commercial e-commerce stores operating under at least the seller names associated with Defaulting Defendants.

II. **STATEMENT OF FACTS**

Plaintiff is a citizen and resident of China and is the lawful owner of the Patents. [1] at ¶ 1. Plaintiff offers for sale products that practice the Patents via online retailers such as Amazon Marketplace and has established his products as high quality—earning him an established reputation and quality reviews. *Id*. at ¶ 2. As alleged in the Complaint, the Defaulting Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the seller names identified on Schedule "A" ("Marketplace Stores") and/or other seller names not yet known to Plaintiff. *Id*. at ¶ 6. Also as alleged, the Defaulting Defendants are individuals or entities who reside and/or operate in the People's Republic of China or Hong Kong. *Id*.

Each Defaulting Defendant has directly targeted business activities toward Illinois residents through the operation of, or assistance in the operation of, the fully interactive, commercial e-commerce stores while operating under the seller names identified in Schedule "A", offering shipping to the United States, including to Illinois, and, on information and belief,

selling Infringing Products into the United States and Illinois over the Internet. *Id*. at ¶¶ 10, 18. Specifically, Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same products that infringe the Patents, directly and/or indirectly. *Id*. at ¶ 18. Additional factual assertions regarding Defaulting Defendants recited in the Complaint are incorporated herein. *Id*. at ¶¶ 3–21

Plaintiff filed this action on November 13, 2023. [1]. On November 21, 2023, this Court entered a Temporary Restraining Order ("TRO") [18] granting Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order [10] and Plaintiff's Motion for Leave to Serve Electronically [15]. The TRO included (1) a Temporary Injunction; (2) A Temporary Asset Restraint; (3) Expedited Discovery; and (4) Service of Process by Email. The Court issued an order [23] extending the TRO [18] on November 30, 2023. The TRO authorized Plaintiff to provide notice of the proceedings in this case to Defendants by electronically publishing a link to the Complaint [1], the TRO [18], and other relevant documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Defendants by third parties. *See* [18] ¶ 7. On December 18, 2023, this Court entered a Preliminary Injunction Order ("PI") [33] granting Plaintiff's Motion For Entry Of A Preliminary Injunction As To Certain Defendants ("PI Motion"). On January 8, 2024, copies of the Complaint [1], summons, and all other relevant docket items were served pursuant to FRCP 4(f)(3) and the Court's TRO [18] on the Defaulting Defendants along with the PI [33].

None of the Defaulting Defendants have filed an answer or otherwise pled in this action. *See* Declaration of Sarah L. Boone ("Boone Decl.") at ¶ 4. By choosing not to participate in this case, Defaulting Defendants have failed to produce any documents or information: (1)

identifying the domain names, online marketplace accounts and/or financial accounts used by Defaulting Defendants; (2) showing costs, cost allocations, revenues, and profits of Defaulting Defendants; or (3) relating to the purchases that Defaulting Defendants have made relating to the Patents and/or the Infringing Products, including records of the products purchased, the sale prices, images of the products, records of suppliers and manufacturers of the products, records of steps taken by Defaulting Defendants to determine whether such products were new or genuine, and records of investigation notes regarding purchase of the products, including the identity of the person(s) responsible for such investigation.

The limited account information provided by Alibaba.com (Alibaba) ("Third Party Platform") for Defaulting Defendants indicates that the amount restrained in Defaulting Defendants' known financial accounts pursuant to the Court's TRO ranged from $0 to $7,002.04, for a total of $15,225.22. Boone Decl. at ¶ 6. Alibaba has refused to provide sales information. *Id*. at ¶ 6. Therefore, Plaintiff has been unable to determine the revenue generated by the Defaulting Defendants from the sale of the specific Infringing Product listings identified by Plaintiff. *Id*. at ¶ 6.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Count 1 of Plaintiff's Complaint [1]. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, importing, offering for sale, and selling Infringing Products. Plaintiff further seeks an order that, for Default Defendants wherein Infringing Product revenue is unknown, all assets in Defaulting Defendants' financial accounts, including those operated by Third Party Platforms, as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. Alternatively, for

Defaulting Defendants where limited Infringing Product revenue is available, Plaintiff requests that the greater amount between the restrained funds and the known infringing product revenue, but no less than $250, be awarded to Plaintiff.

## III. ARGUMENT

### A. Jurisdiction And Venue Are Proper In This Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. §§ 1338 (a)-(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391 because this is a judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. This Court may properly exercise personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Marketplace Stores. Specifically, each of the Defaulting Defendants has been directly reaching out to do business with Illinois residents by operating or assisting in the operation of one or more commercial, interactive Marketplace Stores that sell products that infringe the Patents directly to Illinois consumers, offering to ship to the United States, including Illinois, accepting payment in U.S. dollars and, on information and belief, selling Infringing Products into Illinois. Complaint [1] at ¶ 10, 18–19; Exhibit 4 [6], [6-1], [6-2], [6-3], [6-4], [6-5] and [6-6], to Complaint [1]; *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without the benefit of an evidentiary hearing, a plaintiff bears only the burden of alleging a *prima facie* case for personal jurisdiction; all of a plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor). Each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *Id*.

5

### B. Plaintiff Has Met The Requirements For Entry Of Default

Pursuant to Fed. R. Civ. P. 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). By failing to answer, defend, or otherwise appear in this action, Defaulting Defendants have demonstrated lack of interest in or credible argument in opposition to this Court's rendering judgment for Plaintiff, and have admitted the allegations in the Complaint. *See* Fed. R. Civ. P. 8(b)(6); *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (upon entry of default, the well-pled allegations of the complaint relating to liability are taken as true). The unchallenged facts constitute and support legitimate causes of action such that Plaintiff is entitled to relief.

On November 13, 2023, Plaintiff filed his Complaint alleging federal patent infringement of United States Design Patent Nos. D965,848, D969,391, and D977,177 [3]-[5] pursuant to 35 U.S.C. § 271 (Count I). [1]. The Defaulting Defendants were properly served on January 8, 2024. [46]. Despite having been served with process, the Defaulting Defendants have ignored these proceedings and failed to an answer or otherwise plead in this action. Boone Decl. at ¶ 4. On information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id*. at ¶ 5. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

### C. Plaintiff Has Met The Requirements For Entry Of Default Judgment

Fed. R. Civ. P. 55(b)(2) provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to Plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint

are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As stated above, Plaintiff served Defendants on January 8, 2024 [46]. More than twenty-one (21) days (in fact, twenty-five (25) days) have passed since the Defaulting Defendants were served, and no answer or response has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases before this Court.[1] Pursuant to 35 U.S.C. § 289, Plaintiff requests an award of Defaulting Defendants' profits resulting from Defaulting Defendants' unauthorized use and infringement of the Patents on products sold through the e-commerce stores operating under the Seller Aliases. Given Alibaba's refusal to provide Plaintiff with Defaulting Defendants' sales data, Plaintiff requests an award of the entirety of Defaulting Defendants' restrained funds. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, importing, offering for sale, and selling Infringing Products. Plaintiff further seeks an order that, for Default Defendants where Infringing Product revenue is unknown, all assets in Defaulting Defendants' financial accounts, including those operated by Third Party Platforms, as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. Alternatively, for Defaulting Defendants where limited Infringing Product revenue is available,

---

[1] *See Oakley, Inc. v. The Partnerships and Unincorporated Associations identified in Schedule "A", et al.*, No. 20-cv-06495 (N.D. Ill. Jan. 19, 2021) (unpublished) (Dkt. No. 40); *Bala Bangles, Inc. v. The Entities and Individuals Identified in Annex A*, No. 22-cv-02477 (N.D. Ill. Nov. 30, 2022) (unpublished) (Dkt. No. 65); *Deckers Outdoor Corporation v. The Partnerships and Unincorporated Associations identified in Schedule A, et al.*, No. 22-cv-03538 (N.D. Ill. Oct. 27, 2022) (unpublished) (Dkt. No. 45); *Puffin Coolers, LLC v. The Partnerships and Unincorporated Associations identified in Schedule "A", et al.*, No. 22-cv-05655 (N.D. Ill. Feb. 8, 2023) (Dkt. No. 56); *Shenzhenshi Borunxing Wujin You Xian Gong Si v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule A, et al.*, No. 23-cv-01946 (N.D. Ill. May 15, 2023) (unpublished) (Dkt. No. 38); *Dyson Technology Limited v. The Partnerships and Unincorporated Associations Identified on Schedule A, et al.*, No. 23-cv-02976 (N.D. Ill. July 18, 2023) (unpublished) (Dkt. No. 50).

Plaintiff requests that the greater amount between the restrained funds and the known Infringing Product revenue, but no less than $250, be awarded to Plaintiff.

The Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To sufficiently state a claim for design patent infringement, a plaintiff must (1) allege ownership of a design patent, (2) name each defendant, (3) cite the patent being infringed, (4) state the means by which the defendant(s) are infringing, and (5) point to the sections of patent law invoked. *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

Plaintiff alleged in his Complaint that he is the lawful assignee of all right, title, and interest in and to the Patented Designs. [1] at ¶ 1. The Defaulting Defendants were originally named in Schedule "A." [2]. Plaintiff has also alleged that Defaulting Defendants make, use, offer for sale, sell, and/or import into the United States Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the Patents [3]-[5]. *Id.* at ¶¶ 3, 5. Furthermore, Plaintiff identifies the sections of patent law being invoked (citing 35 U.S.C. § 271 as a basis for his claim of design patent infringement, and citing 35 U.S.C. § 283 and 35 U.S.C. § 289 as bases for recovering damages). [1] at ¶¶ 24-25. Exhibits 2 [4] and 3 [5] to the Complaint show that an ordinary observer would be deceived into thinking that the Infringing Products were the same as the Patented Designs. *See Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008)). Lastly, Plaintiff alleged that he has not granted to any Defaulting Defendant a license under the Patents or any other form of permission with respect to the Patents. [1] at ¶ 4.

Since the Defaulting Defendants have failed to appear, answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for design patent infringement against the Defaulting Defendants.

**D.      Plaintiff Is Entitled To Defaulting Defendants Profits, But Not Less Than $250, Pursuant To 35 U.S.C. § 289**

In the case of design patent infringement, an infringer "shall be liable to the owner to the extent of his total profit, but not less than $250." 35 U.S.C. § 289. Determining an award of damages under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016). The plaintiff bears the initial burden to show the article of manufacture and the defendant's total profit on that article. *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7 (E.D. Wisc. 2017). If the defendant believes that the article of manufacture is different, it has the burden to produce evidence showing the article of manufacture. *Id*. The defendant also has the burden of producing evidence as to any deductions from the total profit identified by plaintiff. *Id*. According to the Supreme Court in *WMS Gaming, Inc. v. WPC Prods. Ltd.*,

> The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.

542 F.3d 601, 608 (7th Cir. 2008) citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07 (1942). "Although § 289 does not explicitly impose any burden on the defendant, this shift in the burden of production is consistent with the disgorgement of profits in

other contexts." *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at *7-8. "[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty." *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("[t]he burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks."); *Chloe v. Queen Bee of Beverly Hills*, 2009 U.S. Dist. LEXIS 84133, at *15-17 (S.D.N.Y. Jul. 16, 2009) (entering profits award for the entire revenue amount in trademark infringement case even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products [as opposed to other products not at issue in this case] or as to the costs incurred in acquiring and selling these products."). As mentioned above, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Deckers Outdoor Corp. v. ShoeScandal.com, Ltd. liability Co.*, No. CV 12-7382, 2013 U.S. Dist. LEXIS 168545, at *12 (C.D. Cal. Nov. 25, 2013), citing *Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd.*, 311 B.R. 378, 401 (S.D.N.Y. 2004) *aff'd*, 153 F. App'x 703 (Fed. Cir. 2005). "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Here, the Patents claim "[t]he ornamental design for projection lamp, substantially as shown and described" [3] and "[t]he ornamental design for a projection lamp, as shown and

described." [4]-[5]. In the case of a design for a single-component product, such as the Patented Designs, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. As such, the relevant article of manufacture is each of the Infringing Products sold by Defaulting Defendants.

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has received no information regarding Defaulting Defendants' profits from the sale of Infringing Products. Defaulting Defendants have failed to appear in this matter and have not produced any documents or information to elaborate upon the transactions in their financial accounts, other accepted payment methods other than those frozen pursuant to the TRO or confirm whether Defendants are operating any other storefronts selling Infringing Products. As such, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008); *Nordock, Inc. v. Systems*, *Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7.

Since Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court should award the greater of the amount restrained or $250.00 for each Defaulting Defendant where Infringing Product revenue is unknown. *See* 35 U.S.C. § 289; *Oakley, Inc. v. The Partnerships, et al.*, No. 20-cv-02970 (N.D. Ill. Oct. 26, 2020) (unpublished) (Docket No. 61) ("Although the information about defendants' profits and revenues is sparse and there is the possibility that the restrained funds were generated by noninfringing sales, the court concludes that plaintiff's efforts provide the best available measure of profits."); *Oakley, Inc. v. The Partnerships, et al.*, No. 20-cv-06676 (N.D. Ill. Feb. 4, 2021) (unpublished) (Docket No. 53) (same). The limited account information provided by Third Party

Platforms for Defaulting Defendants indicates the amount restrained in Defaulting Defendants' known financial accounts pursuant to the Court's TRO ranged from $0 to $7,002.04, for a total of $15,225.22 restrained pursuant to the Court's TRO [18]. Boone Decl. at ¶ 6. Additionally, Alibaba has refused to provide any information regarding the revenue generated by Defaulting Defendants from the sale of the specific Infringing Product listings reported by Plaintiff. *Id*. at ¶ 6.

For Defaulting Defendants where limited Infringing Product revenue is known, the Court should award the greater of the known Infringing Product revenue or the amount restrained, but no less than $250. *See* 35 U.S.C. § 289. Because Defaulting Defendants have failed to participate in the proceedings, Plaintiff is unable to obtain information regarding additional e-commerce stores owned by Defaulting Defendants and/or additional products sold by Defaulting Defendants that infringe the Patented Designs. Further, Plaintiff is unable to obtain information regarding what portion of the amount currently restrained in Defaulting Defendants' accounts are proceeds from the sale of Infringing Products. A breakdown by Defaulting Defendant of the amount restrained pursuant to the TRO and Plaintiff's requested profit award under 35 U.S.C. § 289 is provided below, and additional detail is provided in the Declaration of Sarah L. Boone. *See* Boone Decl. at ¶ 6.

| Def. No. | Seller Name/Alias | Amount Restrained | Infringing Product Revenue | Requested Profits Award |
|---|---|---|---|---|
| 147 | Guangdong Choiceyoung Lighting Technology Co., Ltd. | $1,137.39 | Unknown | $1,137.39 |
| 148 | Guangzhou Vantone Science & Technology Co., Ltd. | $380.57 | Unknown | $380.57 |
| 149 | Inner Mongolia Shangxing Energy Co., Ltd. | $10.47 | Unknown | $250 |
| 150 | Ningbo Jeffry International Trading Co., Ltd. | $0 | Unknown | $250 |
| 151 | Quzhou Link Electronic | $1,196.76 | Unknown | $1,196.76 |

| Def. No. | Seller Name/Alias | Amount Restrained | Infringing Product Revenue | Requested Profits Award |
|---|---|---|---|---|
|  | Technology Co., Ltd. |  |  |  |
| 152 | Shenzhen Bryson Science Technology Co., Ltd. | $4,610.35 | Unknown | $4,610.35 |
| 153 | Shenzhen Lonvel Technology Co., Ltd. | $0 | Unknown | $250 |
| 154 | Shenzhen Jiuzhifeixiang Elephants Electronic Technology Co., Ltd. | $757.64 | Unknown | $757.64 |
| 155 | Shenzhen Shanghua Technology Co., Ltd. | $0 | Unknown | $250 |
| 156 | Shenzhen WEGI Technology Co., Ltd. | $7,002.04 | Unknown | $7,002.04 |
| 157 | Yiwu Zhigou E-Commerce Co., Ltd. | $130 | Unknown | $250 |
| **Total** |  | **$15,225.22** | **Unknown** | **$16,334.75** |

### E. Plaintiff Is Entitled To Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in the Patents, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling Infringing Products. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

## IV. CONCLUSION

Because Plaintiff has suffered monetarily and irreparably through harm to his reputation because of Defaulting Defendants' acts, Plaintiff will be prejudiced should the Court not grant

default judgment against the Defaulting Defendants. In view of the foregoing, Plaintiff respectfully requests that the Court enter default and default judgment against the Defaulting Defendants, including a corresponding profit award under 35 U.S.C. § 289. In addition, Plaintiff further seeks an order that, for Defaulting Defendants where Infringing Product revenue is unknown (*i.e.*, all Defaulting Defendants), all assets in Defaulting Defendants' financial accounts, including those operated by Third Party Platforms, as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. Alternatively, for Defaulting Defendants where limited Infringing Product revenue is available, Plaintiff requests that the greater amount between the restrained funds and the known Infringing Product revenue, but no less than $250, be awarded to Plaintiff. Lastly, Plaintiff also respectfully requests that the Court enter a permanent injunction prohibiting Defaulting Defendants from making, importing, offering for sale, and selling Infringing Products.

Dated: February 2, 2024

Respectfully submitted,

By: /s/ *Sarah L. Boone*
Mark C. Johnson
Sarah L. Boone
RENNER OTTO
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115
216.621.1113
216.621.6165 (facsimile)
mjohnson@rennerotto.com
sboone@rennerotto.com

*Counsel for Plaintiff*

# Certificate of Service

I hereby certify that on the 2nd day of February 2024, the foregoing document is being electronically served by electronically publishing the document on a website, and sending an e-mail that includes a link to said website to the e-mail addresses below:

| No | Name / Seller Alias | Email Address |
|---|---|---|
| 147 | Guangdong Choiceyoung Lighting Technology Co., Ltd. | mingfeihan77@gmail.com |
| 148 | Guangzhou Vantone Science & Technology Co., Ltd. | 18666091143@163.com |
| 149 | Inner Mongolia Shangxing Energy Co., Ltd. | sarah@nmgsxenergy.com |
| 150 | Ningbo Jeffry International Trading Co., Ltd. | nbjeffry@163.com |
| 151 | Quzhou Link Electronic Technology Co., Ltd. | info@gongreng.com |
| 152 | Shenzhen Bryson Science Technology Co., Ltd. | sales@brysoncn.com |
| 153 | Shenzhen Lonvel Technology Co., Ltd. | lucy@lincotech.cn |
| 154 | Shenzhen Jiuzhifeixiang Elephants Electronic Technology Co., Ltd. | jerry@ochomasun.com |
| 155 | Shenzhen Shanghua Technology Co., Ltd. | sh20210517@163.com |
| 156 | Shenzhen WEGI Technology Co., Ltd. | blairhuang@szwegi.com |
| 157 | Yiwu Zhigou E-Commerce Co., Ltd. | perryyoung@smartchoice.top |

Dated: February 2, 2024

/s/ *Sarah L. Boone*
Sarah L. Boone

*An Attorney for Plaintiff*