FILED KG
2/28/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Xiaoan Xu, | ) |
| Plaintiff, | ) Case No.: 1:23-cv-15894 |
| v. | ) |
| | ) Dist. Judge Sara L. Ellis |
| Partnerships and Unincorporated Associations Identified on Schedule A, | ) |
| | ) Mag. Judge Jeffrey Cole |
| Defendants. | ) |

## Motion for Extension of Time

**NOW COMES** Fussion Lighting ("Defendant"), by and through its undersigned counsel, and hereby requests an extension of time to respond to the Complaint, stating as follows:

1. Plaintiff filed its Complaint on November 13, 2023. [Dkt. 1].

2. Defendant was ostensibly not served with process until December 11, 2023. [Dkt. 29].

3. While Defendant continues to explore settlement with Plaintiff, Defendant requires a short additional time to respond to the Complaint. Defendant submits that a short extension will not materially prejudice Plaintiff and will help avoid unnecessary substantive motion practice.

4. This Court may, for good cause, extend the time by which a defendant's responses are due after the time has expired if a defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the

Seventh Circuit] to favor trials on the merits over default judgments."); Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) ("[T]o enter default would deprive defendant of its day in court and preclude just determination of the question of liability."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect. *See*, White v. Marshall, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *See also*, Kane v. Fin. of Am. Reverse, LLC, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension to file document where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

5. Defendant respectfully requests this Court extend the date on which Defendant is to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to March 31, 2024.
6. This motion has been filed in good faith and is not interposed for purposes of delay.
7. This is the third motion for an extension of time filed by Defendant in this case.
8. Plaintiff has not agreed to the Defendant's requested extension.

**WHEREFORE**, Defendant prays that the Court will enter an order:

a) extending the time for Defendant to respond to Plaintiff's Complaint, if ultimately necessary, until March 31, 2024.

Dated this February 28, 2024

Respectfully Submitted,

/s/Nitin Kaushik
Nitin Kaushik
50 Lerer Lane Staten
Island, NY 10307
nitin.insightw@gmail.com
*Counsel for Defendant*
*Fussion Lighting*